JOSEPH BOLINSKY *vs.* RAYMOND SHOBRINSKY.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 3d—decided June 5th, 1934.

*J. Warren Upson,* for the appellant (defendant).

*Michael V. Blansfield,* with whom was *Harry J. Beardsley,* for the appellee (plaintiff).

PER CURIAM. From the finding, with such slight changes as the defendant can properly ask us to make, the following facts appear: The plaintiff was driving westerly on the highway leading from Middlebury to Woodbury, down a steep hill, upon a highway having a twenty-two foot concrete surface, divided by a line in the center into two strips or lanes, with hard surfaced shoulders six feet wide on one side and seven feet wide on the other. He was proceeding on his own right side of the highway, in second gear. A car driven by a Mr. Gardner was coming in the opposite direction and, because of a flat tire, was drawing off the concrete on the southerly side of the highway to the shoulder of the road. The defendant, following the Gardner car, turned to his left to pass it, his wheels passing over the center line of the highway. Recognizing the occupants of the Gardner car, he diverted his attention from the highway in front of him toward it. His car

continued to turn to its left, into the northerly lane of the highway, the defendant still looking back toward the Gardner car. The plaintiff, seeing the defendant's car coming toward him, drew further to his right to avoid the collision, until his car was partly on the northerly shoulder of the road, and slowed down almost to a standstill. When the defendant looked forward again, the plaintiff's car was directly in front of him, only a few feet distant, and it was then too late to avoid the collision. There was nothing to prevent the defendant from seeing the plaintiff's car approaching and he had ample room to pass the Gardner car and avoid that of the plaintiff. Upon these facts and the other circumstances detailed in the finding, the trial court could reasonably reach the conclusion that the defendant was negligent and the plaintiff was free from contributory negligence. Granted, as the defendant claims, that the plaintiff's testimony is demonstrably untrue in certain important particulars, the trial court evidently accepted it in its essentials only where it was corroborated by testimony of other witnesses or by reasonable inferences.

There is no error.